30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Terrence Orlando OSTEEN; and Derris Lamone Cortner,
Defendants-Appellees.
 No. 93-6398.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1994.
 
 1
 Before: JONES and RYAN, Circuit Judges; and BERTELSMAN, Chief District Judge.*
 
 
 2
 Plaintiff-Appellant United States challenges the district court's finding that the Anti-Car Theft Act of 1992, 18 U.S.C. Sec. 2119, is an unconstitutional exercise of congressional power. Because an earlier panel of this court has already determined that the carjacking statute is constitutional, we REVERSE the district court's ruling, and REMAND the case for further proceedings.
 
 I.
 
 3
 On December 5, 1992, Terrence Osteen and Derris Cortner allegedly took Erik Fitzgerald's 1964 Oldsmobile from Fitzgerald at gunpoint. Fitzgerald is a resident of Tennessee, as are Osteen and Cortner. There was no evidence presented that either Osteen or Cortner had any intention of shipping the car in interstate commerce following the theft. Nor was there any allegation that the car was headed for a chop shop to be disassembled and the parts shipped in interstate commerce.
 
 
 4
 Osteen and Cortner were charged in a two-count indictment with taking, by force, a car that had been in interstate commerce, in violation of 18 U.S.C. Sec. 2119, and with using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c).
 
 
 5
 The defendants moved to dismiss the first count of the indictment, alleging that the carjacking statute was unconstitutional both on its face, and as applied. The district court agreed, and granted their motion on October 19, 1993, finding that the carjacking statute impermissibly involved the federal government in local affairs. The defendants then moved to dismiss the firearms enhancement. This motion was granted on October 21, 1993. The United States now appeals.
 
 II.
 
 6
 In United States v. Johnson, 22 F.3d 106 (6th Cir.1994), this court examined the same challenges to the constitutionality of the carjacking statute that are presented by the defendants in the instant case. The Johnson defendant had been convicted under Sec. 2119 and argued that the statute should be interpreted to include only those cars "moving in interstate commerce" to avoid constitutional infirmity. When the statute was applied to cars that had "come to rest" in a state, the defendant argued, it violated the Commerce Clause because it constituted federal regulation of a distinctly local crime. We rejected the defendant's position.
 
 
 7
 Relying upon Barrett v. United States, 423 U.S. 212 (1976) and Scarborough v. United States, 431 U.S. 563, 575 (1977) (finding permissible language in firearms statute that required nothing "more than the minimal nexus that the firearm have been, at some time, in interstate commerce."), the Johnson court found that:
 
 
 8
 [i]t may well be that the carjacking statute is unwise and encroaches on traditional views of federalism, as Judge Wiseman observes in United States v. Cortner, 834 F.Supp. 242 (M.D.Tenn1993), but it is not unconstitutional under current Commerce Clause doctrine. So long as the activity regulated has an effect on interstate commerce it makes no difference that the transported item is now "at rest" and is no longer "in" interstate commerce. A long line of cases establishes the general or aggregate "economic effect" standard and does away with the requirement that the individual act at issue must be "in interstate commerce" or involve movement in interstate commerce. It is obvious that carjackings as a category of criminal activity have an effect on interstate travel and the travel of foreign citizens to this country. Thus we must reject defendant's argument that the carjacking statute as applied here is unconstitutional.
 
 
 9
 Johnson, 22 F.3d at 109 (citations omitted).
 
 
 10
 The Johnson decision is controlling. Accordingly, the district court's determination in the instant case that the carjacking statute is unconstitutional must be overturned. Although it appears that the connection to interstate commerce here was extremely tenuous, the validity of the carjacking statute must be upheld where we have previously determined that a sufficient nexus with interstate commerce exists to permit congressional intervention. Id.
 
 III.
 
 11
 For the foregoing reasons, the district court's judgment is REVERSED, and the case is REMANDED for further proceedings.
 
 
 
 *
 Judge William O. Bertelsman, Chief Judge of the Eastern District of Kentucky, sitting by designation